IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

GILBERT R. LAYMAN, )
)
        Plaintiff, )
)
  -vs- ) Civil Action No. 16-1851
)
NANCY A. BERRYHILL,[1] )
COMMISSIONER OF SOCIAL SECURITY, )
)
        Defendant. )

AMBROSE, Senior District Judge.

## OPINION
## and
## ORDER OF COURT

Pending before the Court are Cross-Motions for Summary Judgment. (ECF Nos. 10 and 14). Both parties have filed Briefs in Support of their Motions. (ECF Nos. 11 and 15). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am denying Plaintiff's Motion for Summary Judgment (ECF No. 10) and granting Defendant's Motion for Summary Judgment. (ECF No. 14).

## I. BACKGROUND

Plaintiff brought this action for review of the final decision of the Commissioner of Social Security denying his applications for social security income ("SSI") and disability insurance benefits ("DIB") pursuant to the Social Security Act. Plaintiff alleges he has been disabled since February 26, 2013. (ECF No. 8-8, p. 11). Administrative Law Judge ("ALJ"), Jeffery P. La Vicka, held a hearing on July 10, 2015. (ECF No. 8-3, pp. 2-43). On July 27, 2014, the ALJ issued a decision finding Plaintiff is not disabled. (ECF No. 8-2, pp. 15-31). After exhausting all administrative remedies, Plaintiff filed this action.

---

[1] Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.

1

The parties have filed Cross-Motions for Summary Judgment. (ECF Nos. 10 and 15). The issues are now ripe for review.

## II. LEGAL ANALYSIS

### A. Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not,

2

whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

### B.     Medical Opinion Evidence[2]

Plaintiff first argues that the ALJ "erred in not affording controlling weight to the medical evidence records and opinions of [his] physicians in favor of the non-examining state agency consultant's physical assessment." (ECF No. 11, p. 9). The amount of weight accorded to medical opinions is well-established. Generally, the ALJ will give more weight to the opinion of a source who has examined the claimant than to a non-examining source. 20 C.F.R. § 416.927(c)(1). In addition, the ALJ generally will give more weight to opinions from a treating physician, "since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique

---

[2] In his brief, Plaintiff takes issue with the ALJ's assessment of the evidence related to his physical abilities only. (ECF No. 11, p. 9). He does not take issue with the ALJ's assessment of the mental treatment records/evidence. *Id.* As a result, I will limit my review accordingly.

perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations." *Id.* § 416.927(c)(2). If the ALJ finds that "a treating source's opinion on the issue(s) of the nature and severity of [a claimant's] impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence [of] record," he must give that opinion controlling weight. *Id.* Also, "the more consistent an opinion is with the record as a whole, the more weight [the ALJ generally] will give to that opinion." *Id.* § 416.927(c)(4).

In the event of conflicting medical evidence, the Court of Appeals for the Third Circuit has explained:

> "A cardinal principle guiding disability determinations is that the ALJ accord treating physicians' reports great weight, especially 'when their opinions reflect expert judgment based on continuing observation of the patient's condition over a prolonged period of time.'" *Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000) (*quoting Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999)). However, "where ... the opinion of a treating physician conflicts with that of a non-treating, non-examining physician, the ALJ may choose whom to credit" and may reject the treating physician's assessment if such rejection is based on contradictory medical evidence. *Id.* Similarly, under 20 C.F.R. § 416.927(d)(2), the opinion of a treating physician is to be given controlling weight only when it is well-supported by medical evidence and is consistent with other evidence in the record.

*Becker v. Comm'r of Social Sec. Admin.*, No. 10-2517, 2010 WL 5078238, at *5 (3d Cir. Dec. 14, 2010). Although the ALJ may choose whom to credit when faced with a conflict, he "cannot reject evidence for no reason or for the wrong reason." *Diaz v. Comm'r of Soc. Security*, 577 F.3d 500, 505 (3d Cir. 2009).

Additionally, state agency opinions merit significant consideration. *See* SSR 96–6p ("Because State agency medical and psychological consultants ... are experts in the Social Security disability programs, ... 20 C.F.R. §§ 404.1527(f) and 416.927(f) require [ALJs] ... to consider their findings of fact about the nature and severity of an individual's impairment(s)...."). An ALJ is entitled to rely upon the findings of an agency evaluator even if there is a lapse of time

4

between the report and the hearing. *Chandler v. Comm'r of Soc. Sec.,* 667 F.3d 356, 361 (3d Cir. 2012) ("The Social Security regulations impose no limit on how much time may pass between a report and the ALJ's decision in reliance on it. Only where 'additional medical evidence is received that in the opinion of the [ALJ] ... may change the State agency medical ... consultant's finding that the impairment(s) is not equivalent in severity to any impairment in the Listing,' is an update to the report required. SSR 96–6p.).

Contrary to Plaintiff's position, there is no medical opinion evidence from Plaintiff's treating physicians. *See,* ECF No. 11, p. 9. The only physical medical opinion evidence is from the state agency consultant, Dr. Fox. (ECF No. 8-4, pp. 34-45; No. 8-5, pp. 2-13). Therefore, Plaintiff, in essence, is arguing that the ALJ should have afforded controlling weight to the medical records over the opinion evidence of Dr. Fox. (ECF No. 11, p. 9). I disagree.

The ALJ gave Dr. Fox's opinion significant weight because Dr. Fox had access to the longitudinal medical records on file, Plaintiff's treatment history suggests that his conditions are not as severe as he alleges, and Plaintiff reports little physical limitations in his activities of daily living. (ECF No. 8-2, p. 25). Giving the Plaintiff the benefit of the doubt, however, the ALJ then "reduced the claimant to a more restrictive residual functional capacity of light exertional work." *Id.* His rationale for doing so was properly laid out in his determination wherein he specifically stated that: "This does not reflect any fallacy with the State agency consultants' reasoning, but rather, is a function of according the claimant the utmost benefit of the doubt and accommodating additional limitations the claimant may experience as result of the diagnostic testing results finding peripheral sensorimotor polyneuropathy, which was performed subsequent to the assessment of Dr. Fox." *Id.* These are valid reasons for accepting and/or discounting opinion evidence. *See,* 20 C.F.R. §§404.1527; 416.927 (Evaluating Opinion Evidence). After a review of the record, I find the reasons given by the ALJ in weighing the opinion of Dr. Fox in conjunction with the other evidence of record to be sufficiently explained and supported by substantial

5

evidence of record. (ECF No. 8-2, pp. 15-27). Therefore, I find no error in this regard on the part of the ALJ. Consequently, remand is not warranted on this basis.

### C.     **Residual Functional Capacity (RFC)**[3]

Plaintiff argues that the ALJ erred in determining his RFC because he did not account for his fatigue or time off task due to his digestive issues, because he misstated the record as it relates to his blurry vision, and because the evidence contradicts his assessment that Plaintiff's neuropathy condition improved with medication. (ECF No. 11, pp. 10-11). After a review of the evidence and for the reasons set forth below, I disagree.

To begin with, an ALJ is charged with the responsibility of assessing Plaintiff's credibility. In evaluating whether a plaintiff's statements are credible, the ALJ will consider evidence from treating, examining and consulting physicians, observations from agency employees, and other factors such as the claimant's daily activities, descriptions of the pain, precipitating and aggravating factors, type, dosage, effectiveness, and side effects of medications, treatment other than medication, and other measures used to relieve the pain. 20 C.F.R. §416.929(c); SSR 96-7p. The ALJ will also look at inconsistencies between the claimant's statements and the evidence presented. *Id.* I must defer to the ALJ's credibility determinations, unless they are not supported by substantial evidence. *Smith v. Califano*, 637 F.2d 968, 972 (3d Cir. 1981); *Baerga v. Richardson*, 500 F.2d 309, 312 (3d Cir. 1974), *cert. denied*, 420 U.S. 931 (1975). Here, the ALJ did exactly that and found Plaintiff's statements regarding his fatigue and time off task due to digestive issues to be not entirely credible. (ECF No. 8-2, pp. 20-22). Based on the entire record as a whole, I find the ALJ appropriately considered Plaintiff's fatigue and digestive issues

---

[3] RFC refers to the most a claimant can still do despite his/her limitations. 20 C.F.R. §§ 404.1545(a), 416.945(a). The assessment must be based upon all of the relevant evidence, including the medical records, medical source opinions, and the individual's subjective allegations and description of his own limitations. 20 C.F.R. § 416.945(a).

6

and I further find there is substantial evidence to support the ALJ's decision to find Plaintiff not entirely credible. *Id.* at pp. 20-25. Thus, I find no merit to Plaintiff's argument.

With regard to Plaintiff's blurry vision, Plaintiff submits the ALJ erred when he stated that the "medical record evidence reflects no reports of blurry vision by Plaintiff to his medical providers. (ECF No. 11, p. 10). After a review of the evidence, I find Plaintiff misconstrues the decision of the ALJ. Throughout the opinion, the ALJ references Plaintiff's reports of and/or non-reports of blurry vision. (ECF No. 8-2, p. 20-22). In fact, the ALJ specifically references the evidence that Plaintiff cites to indicating Plaintiff reported blurry vision. (ECF No. 8-2, p. 21, *citing,* ECF No. 8-12, p. 20). When the ALJ states that "the medical evidence of record reflects no reports of blurry vision to his medical providers" (ECF No. 8-2, p. 22), he is specifically referring to two more recent medical records in May of 2015. *See,* ECF No. 8-2, p. 22, *citing* ECF No. 8-15, pp. 23-30). In fact, those records indicate that blurred vision is not present. *Id.* Consequently, I find remand is not warranted on this basis.

Finally, Plaintiff suggests that there is evidence to contradict the statement that Plaintiff reported improvement in his neuropathy condition with medication. (ECF No. 11, pp. 10-11). To be clear, the standard is not whether there is evidence to establish Plaintiff's position but, rather, is whether there is substantial evidence to support the ALJ's finding. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Thus, this argument is misplaced. Upon review of the evidence, I find there is substantial evidence of record to support the ALJ's statement that Plaintiff "reported improvement in his neuropathy condition with medication." (ECF No. 8-2, p. 22; No. 8-15, p. 24). Therefore, I find no merit to this argument.

An appropriate order shall follow.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GILBERT R. LAYMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | Civil Action No. 16-1851 |
| ) | |
| NANCY A. BERRYHILL,[4] ) | |
| COMMISSIONER OF SOCIAL SECURITY, ) | |
| ) | |
| Defendant. ) | |

AMBROSE, Senior District Judge.

## ORDER OF COURT

THEREFORE, this 9th day of January, 2018, it is ordered that Plaintiff's Motion for Summary Judgment (ECF No. 10) is denied and Defendant's Motion for Summary Judgment (ECF No. 14) is granted.

BY THE COURT:

s/ Donetta W. Ambrose
Donetta W. Ambrose
United States Senior District Judge

---

[4] Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.